**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ROBERT BANUELOS,

Plaintiff,

v.

DIANE MARTINEZ,

Defendant.

**15-cv-00010-AWI-GSA**

**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT LEAVE TO AMEND**

**(ECF No. 1)**

## I. INTRODUCTION

Plaintiff Robert Banuelos ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on January 5, 2015. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1981 against Diane Martinez (the "Defendant"). *Id*. The Court has screened the Complaint and recommends that it be dismissed without leave to amend.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## III. PLAINTIFF'S ALLEGATIONS[1]

The Complaint revolves around Plaintiff's attempts to enter various California state offices. Plaintiff appears to have been involved in a dispute between the California Labor

---

[1] Plaintiff has simultaneously filed a complaint in a different case, *Banuelos v. Garcia*, Case No. 1:15-cv-00011-LJO-GSA, with factual allegations that appear to overlap with those in the current case. Both complaints are rife with vague, disorganized, and incomplete allegations; however, the Court has endeavored here to piece Plaintiff's allegations together reviewing both complaints, as necessary. These two complaints also follow a complaint filed by Plaintiff in *Banuelos v. Sandoval*, Case No. 1:14-cv-01923-MCE-SAB, which was dismissed on April 16, 2015.

Commissioner and a company called FNF, Inc. While that dispute was pending, Plaintiff visited the office of State Assemblyman Henry T. Perea in Fresno, presumably to seek assistance with respect to the FNF, Inc. case. While there, Plaintiff met with an employee of Assemblyman Perea's office (who is the defendant in *Banuelos v. Garcia*, Case No. 1:15-cv-00011-LJO-GSA).

On January 22, 2013, Plaintiff visited the Labor Commissioner's Fresno office, where he encountered Defendant, who worked as a receptionist in the office lobby. Following events that are not recounted in the Complaint, Defendant informed Plaintiff that he would need to leave the building.[2] Plaintiff refused and Defendant summoned two California Highway Patrol officers to remove him. The officers told Plaintiff that he was not wanted in the building and escorted him out.

Plaintiff concludes by asserting violations of 42 U.S.C. §§ 1981 and 1983 on the basis that he was denied the right to enter a state building.

## IV. DISCUSSION

### a. 42 U.S.C. § 1983

Section 1983 allows a plaintiff to state a claim if he or she can "allege a violation of a right secured by the Constitution and laws of the United States, and . . . show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because § 1983 does not contain its own statute of limitations, federal courts must look to the statute of limitations of the forum state's applicable personal injury tort for guidance. *Felder v. Casey*, 487 U.S. 131, 140 (1988). In California, the applicable statute of limitations is one year. *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991) ("The district court therefore correctly applied § 340(3) and dismissed claims accruing more than one year before the complaint was filed").

[2] The Complaint alludes to, but does not explain, a previous encounter or incident involving Plaintiff that apparently motivated Plaintiff's ejection from the building.

Plaintiff filed suit on January 5, 2015 regarding an incident that occurred on January 22, 2013. The statute of limitations has thus expired and Plaintiff's § 1983 claim must be dismissed without leave to amend. *Yi Tai Shao v. McManis Faulkner, LLP*, No. 14-CV-01137-LHK, 2014 WL 4773981, at *4 (N.D. Cal. Sept. 22, 2014) ("as the statute of limitations bars Plaintiff's claim, leave to amend would be futile").

**b. 42 U.S.C. § 1981[3]**

To establish a claim under § 1981, a plaintiff must show that: (1) he is a member of a racial minority; "(2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Section 1981 can only be violated by purposeful discrimination. *General Bld. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). A "claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza v. McDonald*, 546 U.S. 470, 476 (2006) ("Absent the requirement that the plaintiff himself must have rights under the contractual relationship, § 1981 would become a strange remedial provision designed to fight racial animus in all of its noxious forms, but only if the animus and the hurt it produced were somehow connected to *somebody's* contract. We have never read the statute in this unbounded—or rather, *peculiarly* bounded—way").

Plaintiff describes his race as "German, Cherokee Indian, Mexican, Spaniard," but does not allege any facts suggesting that: (1) he suffered any discrimination; (2) Defendant had any intent to discriminate on the basis of his race; or (3) he had any contractual relationship with Defendant. Indeed, the allegations in the Complaint indicate that Plaintiff's relationship with Defendant was purely non-contractual—Defendant was merely the clerk/receptionist who greeted

[3] Unlike § 1983, § 1981 has a four year statute of limitations. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011).

Plaintiff when he entered the Labor Commissioner's office. There is thus no basis for a § 1981 claim.

Leave to amend is unnecessary here. Plaintiff's allegations have already described the relationship with Defendant—further factual allegations cannot create a new relationship out of whole cloth while remaining consistent with the current allegations, nor can they make it plausible that Defendant committed some purposeful discrimination against Plaintiff on the basis of his race.

## V. RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, it is recommended that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 28, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE